IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Quinn,                          :
             Petitioner         :
                                      :
             v.                  :
                                      :
Unemployment Compensation               :
Board of Review,                        :    No. 451 C.D. 2025
             Respondent         :    Submitted: June 16, 2026


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE STACY WALLACE, Judge
                 HONORABLE STELLA M. TSAI, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED:  July 28, 2026


        Patrick Quinn (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) February 6, 2025 order dismissing his appeal as untimely pursuant to Section 502(a) of the UC Law (Law).[1]  The sole issue before this Court is whether the UCBR erred by dismissing Claimant's appeal as untimely.  After review, this Court affirms.

        Waterford Ventures LP d/b/a Arooga's Grille House and Sports Bar (Employer) employed Claimant at its locations in Harrisburg on Allentown Boulevard and Linglestown Road from May 21, 2018 through December 11, 2020, as a server/host, a food expediter, and security personnel.  During the COVID-19 business closings, Claimant filed applications for UC benefits with effective dates of April 5, 2020 and March 14, 2021, and, thereafter, received UC benefits.  When

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822(a) (a referee's decision becomes final if an appeal is not filed within 21 days therefrom).

Claimant applied, he requested all UC information be provided to him through the UC portal and at his email address. The Department of Labor and Industry (Department) provided documents (such as determinations of eligibility and overpayment) electronically and did not send any documents via the United States postal service.

On October 14, 2022, the UC Service Center issued three determinations on the UC application effective April 5, 2020 (April 5, 2020 Determinations): (1) Claimant was ineligible for UC benefits under Section 402(b) of the Law[2] effective December 6, 2020, because he voluntarily terminated his employment while continuing work was available; (2) Claimant was overpaid $4,106.00 under Section 804(a) of the Law[3] in UC benefits for weeks ending December 12, 2020 through April 3, 2021; and (3) Claimant was overpaid $4,200.00 in Federal Pandemic UC (FPUC) under Section 2104(f)(2) and (3) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act[4] for weeks ending December 12, 2020 through April 3, 2021, as a non-fraud overpayment. On October 14, 2022, the UC Service Center also issued five determinations on the UC application effective March 14, 2021 (March 14, 2021 Determinations): (1) Claimant was ineligible for UC benefits under Section 402(b) of the Law effective December 11, 2020, because he voluntarily terminated his employment while continuing work was available; (2) Claimant was overpaid $5,786.00 for Pandemic Emergency UC (PEUC) under Section 2107(e)(1), (2), and (3) of the CARES Act,[5] Section 206 of the Continued Assistance for Unemployed Workers Act of 2020

---

[2] 43 P.S. § 802(b) (referring to voluntarily leaving work without cause of a necessitous and compelling nature).
[3] 43 P.S. § 874(a).
[4] 15 U.S.C. § 9023(f)(2)-(3) (relating to FPUC).
[5] 15 U.S.C. § 9025(e)(1)-(3) (relating to PEUC).

(CAA),[6] and Section 9016 of the federal American Rescue Plan Act[7] for weeks ending April 10, 2021 through September 4, 2021, as a fraud overpayment; (3) Claimant was overpaid $6,600.00 for FPUC under Section 2104(f)(2) and (3) of the CARES Act for weeks ending December 12, 2020 through April 3, 2021, as a fraud overpayment; (4) Claimant was assessed a penalty under Section 801(c) of the Law[8] in the amount of $990.00 as a result of the FPUC overpayment; and (5) Claimant was assessed a penalty under Section 801(c) of the Law in the amount of $867.90 as a result of the PEUC overpayment.

The April 5, 2020 Determinations and the March 14, 2021 Determinations (collectively, Determinations) stated that November 4, 2022, was the last day to timely appeal therefrom. The Department sent the Determinations to Claimant's last known email address and posted them on the UC portal's message center as Claimant had directed. The Determinations were not rejected due to an incorrect email address or technical issue with the UC portal. On April 19, 2024, Claimant filed an appeal from the Determinations by email. On June 26, 2024, the Referee held a hearing.[9] On July 12, 2024, the Referee dismissed Claimant's appeal as untimely. On October 7, 2024, Claimant appealed to the UCBR.

On November 13, 2024, the UCBR notified Claimant that his appeal would be deemed untimely because he did not file it within 21 days of the Referee's

---

[6] Public Law 116-260, 135 Stat. 1182. The CAA amended Section 2102(h) of the CARES Act, 15 U.S.C. § 9021(h), to offer a repayment waiver for Pandemic Unemployment Assistance overpayments identical to the repayment waiver provisions for FPUC overpayments under Section 2104(f) of the CARES Act, 15 U.S.C. § 9023(f).

[7] Section 9016 of Public Law 117-2, 135 Stat. 4.

[8] 43 P.S. § 871(c) (relating to false statements and representations to obtain or increase UC benefits).

[9] Although Claimant filed a single appeal, the Referee hearing included the following docket numbers: 2024039140-RO, 2024042883-RO, 2024042881-RO, 2024042880-RO, 2024042884-RO, 2024039142-RO, 2024039147-RO, and 2024039149-RO. Thus, the appeal, the Referee decision, and the UCBR's order herein, referenced all eight Determinations.

decision. The UCBR further informed Claimant that if he believed that he filed his appeal within the 21-day period or that it should be deemed timely for other reasons, he must request in writing that the UCBR schedule a hearing. Finally, the UCBR related that unless it received a reply, specifically requesting a hearing on the timeliness issue, postmarked by November 28, 2024, it would issue an appropriate order. The UCBR received a response from Claimant on November 25, 2024 (postmarked November 23, 2024), requesting a hearing and the opportunity to represent himself. On January 21, 2025, the UCBR held a remand hearing. On February 6, 2025, the UCBR dismissed Claimant's appeal to the UCBR pursuant to Section 502(a) of the Law. Claimant appealed to this Court.[10]

Initially, Section 502(a) of the Law mandates that a referee decision "shall be deemed the final decision of the [UCBR], unless an appeal is filed therefrom, no later than [21] days after the "[d]ecision [d]ate" provided on such decision . . . ." 43 P.S. § 822(a). This Court has explained:

> This [21]-day time limit is mandatory; if an appeal is not timely filed within the specified time period, the determination becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the matter. *UGI Util*[*s*]*., Inc. v. Unemployment Comp. Bd. of Rev*[.]*,* 776 A.2d 344, 347 (Pa. Cmwlth. 2001). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Dumberth v. Unemployment Comp. Bd. of Rev*[.]*,* 837 A.2d 678, 681 (Pa. Cmwlth. 2003). Therefore, even an appeal filed merely one day after the expiration of the [21]-day time period must be dismissed as an untimely appeal. *Id.*

---

[10] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4

*Shea v. Unemployment Comp. Bd. of Rev.*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006).[11]

Here, the UCBR concluded:

The deadline to appeal the [Referee's July 12, 2024] decision was August 2, 2024. [] [C]laimant's appeal was filed on October [7], 2024.[12] [] [C]laimant testified his appeal was late because he never received anything in the mail. The [UCBR] is not persuaded by [] [C]laimant's assertion.[13] First, the record shows [] [C]laimant selected internal messaging with email notification as his preferred method of communication. Second, the claim record shows that the decisions were timely and successfully delivered to [] [C]laimant by his preferred method and not returned as undeliverable. Third, [] [C]laimant testified he does not have difficulty receiving emails and checks his email multiple times a day. As such, the [UCBR] concludes that [] [C]laimant failed to meet his burden of proof that his appeal was, or should be accepted as if, timely filed under Section 502 of the Law.

The provisions of [] [S]ection [502] of the Law are mandatory, and the [UCBR] has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. Therefore, [] [C]laimant's appeal from the Referee's decision must be dismissed.

---

[11] The General Assembly amended Section 502 of the Law, effective July 24, 2021, to increase the time to file an appeal from a referee's decision to the UCBR from 15 to 21 days. This Court decided *Shea* before that amendment was effective.

[12] The UCBR inadvertently stated that Claimant filed his appeal on October 2, 2024. However, this is clearly a typo as the UCBR's finding of fact number 6 states: "[C]laimant's appeal was filed on October 7, 2024." Certified Record at 199.

[13] "[T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence." *HPM Consulting v. Unemployment Comp. Bd. of Rev.*, 185 A.3d 1190, 1194 (Pa. Cmwlth. 2018) (quoting *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Rev.*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008)).

Certified Record at 200.  This Court discerns no error in the UCBR's reasoning. Accordingly, the UCBR properly dismissed Claimant's appeal as untimely.

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Quinn,                              :
                    Petitioner             :
                                           :
            v.                             :
                                           :
Unemployment Compensation                  :
Board of Review,                           :        No. 451 C.D. 2025
                    Respondent             :

## O R D E R

AND NOW, this 28th day of July, 2026, the Unemployment Compensation Board of Review's February 6, 2025 order is affirmed.

_____
ANNE E. COVEY, Judge